**Gary STOCKTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1–1078A268.**

Court of Appeals of Indiana, First District.

April 23, 1979.

R. Clark Allen, White & Allen, New Castle, for appellant.

Theodore L. Sendak, Atty. Gen., Irwin A. Bain, Deputy Atty. Gen., Indianapolis, for appellee.

LYBROOK, Presiding Judge.

On April 2, 1978, New Castle police responded to a call that a citizen's band radio had been taken from a vehicle parked at a local factory. A factory guard pointed out defendant-appellant Gary Stockton as the one he had seen take the radio. Stockton told the police he had hidden the radio behind a nearby restaurant. Police recovered the radio from under a 50-gallon can behind the restaurant.

Stockton pleaded guilty in Henry Circuit Court to a charge of theft under Ind.Code 35–43–4–2, and was sentenced to the Indiana Department of Corrections for a term of two years, with the recommendation that the sentence be served at the Indiana Youth Center.

Stockton raises one issue for our review:

---

Whether the sentence was excessive, unreasonable and not supported by sufficient evidence.[1]

Our review of sentences has been governed since January 1, 1978, by the Rules for the Appellate Review of Sentences. Rule 2 defines the permissible scope of our review as follows:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. (2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Ind.Code 35–43–4–2 makes theft a Class D felony. Ind.Code 35–50–2–7 allows a Class D felony to be punished one of two ways as follows:

"(a) A person who commits a Class D felony shall be imprisoned for a fixed term of two (2) years, with not more than two (2) years added for aggravating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000).

(b) Notwithstanding subsection (a) of this section, if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. The court shall enter in the record, in detail, the reason for its action whenever it exercises the power granted in this subsection."

Clearly, the two-year term of imprisonment received by Stockton was a sentence authorized by Ind.Code 35–50–2–7. Just as clearly, our review of that sentence is circumscribed by Rule 2 of the Rules for the Appellate Review of Sentences. We can only look to see if, in light of the nature of the offense and the character of the offender, no reasonable person could find such sentence appropriate.

The presentence investigation by the probation officer revealed Stockton's prior record: one suspended commitment to the Indiana Boys' School for juvenile delinquency and one executed commitment for second-degree burglary, and a conviction for criminal conversion for which he was fined and jailed for four days. Stockton was 18 years old, had received 11 years schooling, was unemployed, and had taken the radio to get money to buy clothes. The probation officer's only recommendation was that he be sent to the Reception Diagnostic Center of the Department of Corrections for their evaluation and recommendation as to disposition.

The Reception Diagnostic Center completed a study of the defendant including a psychological evaluation. The administrator of the center's Presentence Services made the following recommendation to the court:

"With his lethargic mental activity it is unlikely that he will try to think things out successfully and develop any methods or goals. He appears to be a little too care-free and irresponsible to change his lifestyle on his own. Even placing him on probation would not seem, in our opinion, to make much of an impression on him. While here, though he is not pleased being here, he does not seem to be sufficiently disturbed to where something constructive could result. A recent juvenile commitment seemed likewise to have little effect on him. We therefore do recommend incarceration. Hopefully imprisonment might shake him up enough to help him mature, become more responsible and to do something about his life style. He needs to go more thinking and set himself some goals and objectives. Incarceration will give him the time and

1. Defendant attempts to argue another issue to this court: Whether the trial court erred in considering whether there were "mitigating circumstances" when making the choice of sentence under Ind.Code 35–50–2–7. That issue was waived, however, by defendant's failure to include it in his motion to correct errors addressed to the trial court.

opportunity and hopefully the motivation to do some constructive thinking and acting in the future."

In light of the defendant's prior record, his admitted guilt of the offense of theft, and the above recommendation of incarceration made by the Reception Diagnostic Center, we cannot say that the sentence is manifestly unreasonable.

The judgment of the trial court is affirmed.

Affirmed.

LOWDERMILK and ROBERTSON, JJ., concur.